UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SIDNEY DELOCH

CIVIL ACTION

VERSUS

NO. 98-838-JJB-RLB

BURL CAIN, WARDEN

**RULING**

This matter is before the Court on a Motion for Rule 60(b) Relief (Doc. 27) brought by the petitioner, Sidney Deloch ("Deloch"). The State of Louisiana filed an opposition (Doc. 37) and the petitioner filed a reply brief (Doc. 40). Oral argument is unnecessary. For the reasons stated herein, the petitioner's Motion for Rule 60(b) Relief (Doc. 27) is **DENIED**.

**I.    BACKGROUND**

In 1979, Deloch was indicted by a grand jury for aggravated rape, and was subsequently convicted and sentenced to life imprisonment. His conviction and sentence were affirmed on direct appeal. *State v. Deloch*, 380 So. 2d 67 (La. 1980).[1]

In 1991, Deloch filed his first application for writ of habeas corpus in federal court, arguing ineffective assistance of counsel. That application was denied in 1992, and a three-judge panel for the United States Fifth Circuit Court of Appeals declined to issue a certificate of appealability.

In 1994, Deloch allegedly discovered the factual basis for a claim that the state trial court used a racially discriminatory method for selecting grand jury forepersons.[2] *See Pet. Writ of*

---

[1] Deloch filed applications for post-conviction relief in state court in 1983 and 1988 respectively, arguing insufficiency of evidence and the ineffective assistance of counsel arising from the defense lawyer's *voir dire* examination of prospective jurors at trial in both applications. Both of these applications were denied.

[2] After allegedly discovering this information, Deloch then filed a third application for post-conviction relief in state court, arguing racial discrimination and constitutional violations of due process and equal protection in the selection of the grand jury foreperson. After the state trial court granted the application, the Louisiana Supreme Court vacated the trial court's order, and reinstated both the conviction and the sentence. *Deloch v. Whitley*, 684 So. 2d 349 (La. 1996). The court held that Deloch procedurally defaulted this claim because trial counsel should have raised it in a pre-trial motion to quash the indictment. *Id.*

*Habeas Corpus* 22–26, Doc. 1. Subsequently, in 1997, Deloch filed a request with the Fifth Circuit for authorization to file a second petition in the district court, this time on the issue of grand jury foreperson discrimination. A three-judge panel summarily dismissed the motion to file a second petition—"Deloch has not shown that his application will involve either newly discovered evidence that could not have been discovered with due diligence or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, he is not entitled to a file a successive § 2254 application." *In re Sidney Deloch*, 97-00208 (5th Cir. 1997).

In 1998, despite the Fifth Circuit's denial of his motion, Deloch filed an application for a writ of habeas corpus (Doc. 1) with this Court. This Court dismissed the application with prejudice in 1999, holding that Deloch's application was barred by the "successive application doctrine" because Deloch had raised the same issue in a previous federal habeas proceeding. *See Ruling on Appl. Writ of Habeas Corpus* 1, Doc. 15 (adopting *Magistrate Judge's R. & R.* 1–2, Doc. 13). This Court subsequently denied a certificate of appealability (Doc. 20).

In 2012, the United States Supreme Court held that, where ineffective-assistance-of-trial-counsel claims must be raised in an initial-review collateral proceeding, a petitioner's procedural default of those claims under state law will not bar a federal habeas court from granting relief if the petitioner had no counsel or ineffective counsel in that initial-review collateral proceeding. *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012).[3]

---

[3] Utilizing *Martinez*, Deloch filed a fourth application for post-conviction relief in Louisiana state court. The state trial court granted the application because it found that Deloch's procedural default was excused because Deloch acted *pro se* in his initial-review collateral proceeding, and that Deloch received ineffective assistance of counsel for trial counsel's failure to challenge the racially discriminatory method of selecting grand jury forepersons. However, the Louisiana Supreme Court again reversed the trial court, holding that *Martinez* applied only to federal courts conducting habeas review and thus did not apply to Deloch's post-conviction claims made in state court. *State v. Deloch*, 140 So. 3d 1167, 1167 (La. 2014).

Believing that *Martinez* gave him new hope at challenging his conviction, Deloch filed another motion with the United States Fifth Circuit Court of Appeals in 2015, seeking leave to file a second or successive habeas petition. In that motion, Deloch asserted the claim of ineffective assistance of counsel for trial counsel's failure to raise the issue of the trial court's racially discriminatory manner of selecting grand jury forepersons, which until *Martinez* was procedurally defaulted and therefore had not been resolved on the merits. The Fifth Circuit denied leave to file a second or successive habeas petition on March 17, 2015.

Now, Deloch brings the instant Motion for Rule 60(b) Relief (Doc. 27), seeking relief from this Court's 1999 final judgment dismissing his application, and asks this Court to reopen the case and grant his petition for a writ of habeas corpus. First, Deloch argues that this Court has authority to grant this Rule 60(b) motion because the motion itself is not a "successive" habeas petition. *Pet'r's Supp. Mem.* 4–6, Doc. 27-2. Second, Deloch argues that his unique facts and circumstances amount to "any other reason" justifying relief under Rule 60(b)(6). *Id.* at 6. The unique facts and circumstances Deloch points to include the Supreme Court's *Martinez* decision, his "total and complete rehabilitation" while in prison, and the absence of any meaningful possibility of redress through other mechanisms provided by state law. *Id.*

## II.   DISCUSSION

Federal Rule of Civil Procedure 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." In support of Deloch's Rule 60(b) motion, he relies on the fact that this Court's prior judgment did not reach the merits of his application. *See Pet'r's Supp. Mem.* 5–6, Doc. 27-2. The arguments contained within Deloch's motion are premised on the idea that this Court invoked a state procedural rule to dismiss his petition. This premise is faulty, however, because this Court's 1999 ruling did not rely on Deloch's failure to comply with

3

a state procedural rule. *See Ruling on Appl. for Writ of Habeas Corpus.* 1, Doc. 15 (adopting *Magistrate Judge's R. & R.* 1–2, Doc. 13). Instead, the ruling from which Deloch seeks relief held that his application was successive because he raised the issue in a prior federal habeas proceeding (the 1991 application that was denied in 1992). *See id.* Because this is a successive application, filed without the Fifth Circuit's permission, this Court dismissed it in accordance with § 2244. *Id.*

Under 28 U.S.C. § 2244(b)(3)(A), a petitioner must obtain permission from the appropriate court of appeals prior to filing a second or successive habeas application in a district court. Section 2244(b)(3)(A) "acts as a jurisdictional bar to the district court's asserting jurisdiction over any successive habeas petition until [the Court of Appeals] has granted the petitioner permission to file one." *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (quoting *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam)). However, not all second-in-time habeas petitions are "successive." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). A later-filed petition is successive "when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ." *Adams v. Thaler*, 679 F.3d 312, 322 (5th Cir. 2012) (quoting *In re Cain*, 137 F.3d at 235). In his first-filed application for habeas corpus (filed in 1991), Deloch argued ineffective assistance of counsel. In the current application (the 1998 application), Deloch again raises a claim challenging his conviction for ineffective assistance of counsel, but this time for trial counsel's failure to raise a pre-trial motion to quash the indictment based on a racially discriminatory selection of the grand jury foreperson. *See Pet. Writ of Habeas Corpus* 22–26, Doc. 1. As the Fifth Circuit held in 1997 when denying Deloch's motion to file a successive petition, here Deloch also "has not shown that his application will involve newly discovered evidence that could not have been discovered with due diligence." *In re Sidney Deloch*, 97-00208 (5th Cir. 1997). Moreover, Deloch has alleged no

4

new arguments in this Rule 60(b) motion that would contradict this finding. Therefore, the instant application for writ of habeas corpus before this Court is successive because it raises a claim challenging Deloch's conviction that could have been raised in his first application (the 1991 application that was denied in 1992). Because Deloch filed this successive application without the Fifth Circuit's permission, this Court lacks jurisdiction to entertain Deloch's application for writ of habeas corpus. *See* § 2244(b)(3)(A); *Crone*, 324 F.3d at 836.

Deloch's argument that this Court has authority to decide his Rule 60(b) motion is misplaced. Petitioners sometimes use a Rule 60(b) motion to a raise a new habeas corpus claim,[4] in an attempt to circumvent the successive application doctrine. According to Deloch, this Rule 60(b) motion is not being used as a successive application because he does not challenge this Court's merits determination, but instead challenges this Court's determination that his claims were procedurally defaulted or otherwise procedurally barred. *Pet'r's Supp. Mem.* 5–6, Doc. 27-2; *see Gonzalez v. Crosby*, 545 U.S. 524, 452 n.4 (2005) (holding that a Rule 60(b)(6) motion does not contain a habeas corpus "claim" when it asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar); *Adams*, 679 F.3d at 319.

However, the cases Deloch cites for these propositions do not apply to the present situation. In those cases, the courts held that petitioners may use a Rule 60(b) motion to challenge a federal court's ruling that a habeas application was precluded due to a petitioner's procedural default in state court. *See Gonzalez*, 545 U.S. at 532; *Adams*, 679 F.3d at 319. In essence, those cases say that a Rule 60(b) motion is not treated as a successive application, and is thus not barred by the

---

[4] A habeas corpus "claim" is an "asserted federal basis for relief from a state court's judgment of conviction." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005). This definition includes a challenge to a court's previous determination of a habeas claim on the merits, as well as a claim of newly discovered evidence in support of a claim previously denied. *Id.* at 531.

successive application doctrine, when the motion does not raise a new habeas corpus claim. *Gonzalez*, 545 U.S. at 532; *Adams*, 679 F.3d at 319. Those cases do not address the situation here, where the underlying habeas corpus application was itself successive. *Gonzalez*, 545 U.S. at 532; *Adams*, 679 F.3d at 319. Thus, even assuming this Rule 60(b) motion is itself not a "successive" habeas application, Deloch offers no argument to contradict the fact that this 1998 application, under which this motion has been brought, is itself a successive habeas petition. Therefore, even if the Court were to grant Deloch's Rule 60(b) motion, it does not change the fact that the underlying habeas application is successive and was filed without permission from the Court of Appeals. Absent permission from the Court of Appeals to file the successive application, this Court lacks jurisdiction to hear the application, regardless of whether there are extraordinary circumstances justifying Rule 60(b) relief. *See* § 2244(b)(3)(A); *Crone*, 324 F.3d at 836.

Deloch also asserts that this Court has the authority to grant his habeas petition because he claims that this Court previously invoked a state procedural default to preclude review of his claim, and that *Martinez v. Ryan* has removed this technical barrier to federal habeas review of his claim. *Pet'r's Supp. Mem.* 5–6, Doc. 27-2. Generally, the independent and adequate state ground doctrine prohibits a federal court from granting a writ of habeas corpus "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement." *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). *Martinez* allows a federal habeas court to hear a substantial claim of ineffective assistance at trial if, in the state's initial-review collateral proceeding, the claim of ineffective assistance was procedurally defaulted because there was no counsel or counsel in that proceeding was ineffective. 132 S. Ct. at 1320. *Martinez* says nothing about excusing a petitioner's successive application filed without permission from an

appropriate court of appeals. Therefore, the petitioner's reliance on *Martinez* and other extraordinary circumstances to justify Rule 60(b) relief is misplaced.

**III.    CONCLUSION**

For the reasons stated above, the petitioner's Motion for Rule 60(b) Relief (Doc. 27) is **DENIED**.

Signed in Baton Rouge, Louisiana, on April __, 2016.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**